UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE SWAIN**

-------------------------------------------------------X

PAMELA GEWIRTZ,

          Plaintiff,

       -against-

INFINEON TECHNOLOGIES AG, INFINEON
TECHNOLOGIES NORTH AMERICA
CORPORATION, and MICHAEL KUCHER,

         Defendants.

-------------------------------------------------------X

**05 CV** Civil Action No.: **6054**

**NOTICE OF REMOVAL**

RECEIVED
JUN 29 2005
U.S.D.C. S.D.N.Y.
CASHIERS

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

        PLEASE TAKE NOTICE that Defendants Infineon Technologies North America

Corp. ("IFNA") and Michael Kucher ("Kucher") respectfully request that this Court remove the

above-captioned action from the Supreme Court of the State of New York, County of New York,

to the United States District Court for the Southern District of New York pursuant to 28 U.S.C.

§§ 1332 and 1441(a), (b), and state as follows:

        1.      On or about March 2, 2005, Plaintiff Pamela Gewirtz commenced an

action in the Supreme Court of the State of New York, County of New York, entitled *Pamela*

*Gewirtz v. Infineon Technologies AG, Infineon Technologies North America Corporation, and*

*Michael Kucher*, Index No. 05-102900. Plaintiff served IFNA on June 9, 2005. Plaintiff served

Kucher on June 24, 2005. Defendant Infineon Technologies AG has not been served.

        2.      Pursuant to 28 U.S.C. § 1446(b), Defendants IFNA and Kucher timely file

this Notice of Removal within thirty days of receipt of a copy of the initial pleading, setting forth

the claims for relief upon which the action is based. Attached as Exhibit A is a true and correct

copy of the Summonses and Complaint, which constitute all records and proceedings in the state

court.

3.      This is a civil action for which this Court has original jurisdiction under 28

U.S.C. § 1332, and is one which Defendants IFNA and Kucher may remove to this Court under

28 U.S.C. §§ 1441(a), (b) in that it is between citizens of different states, the matter in

controversy exceeds the sum of $75,000, exclusive of interest and costs, and none of the parties

in interest properly joined and served as defendants is a citizen of the State in which this action

was brought (New York).

4.      Complete diversity exists between Plaintiff and all Defendants in this

action:

a.      At the commencement of this action, and at all times since,

Plaintiff Pamela Gewirtz was and is a resident and citizen of the State of New Jersey.

b.      At the commencement of this action, and at all times since,

Defendant IFNA was and is incorporated under the laws of Delaware with its principal place of

business located at 1730 North First Street, San Jose, California.  IFNA is thus a citizen of the

State of Delaware and the State of California under 28 U.S.C. § 1332(c)(1).

c.      At the commencement of this action, and at all time since,

Defendant Infineon Technologies AG was and is a foreign corporation incorporated under the

laws of Germany, with its principal place of business located at St. Martin-Str. 53 81669

Munich, Germany.  Infineon Technologies AG is thus a citizen of Germany, a foreign state,

under 28 U.S.C. § 1332(a)(2).

d.      At the commencement of this action, and at all times since,

Defendant Michael Kucher was and is a citizen of Germany.  Mr. Kucher currently resides in

North Carolina, and his current address is 700 Market Street, Apt. 212, Chapel Hill, North

Carolina 27516.  He remains a citizen of Germany and is therefore a citizen of a foreign state for

2

purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

     5.     For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. The Complaint seeks compensatory damages, exemplary damages in the amount of ten million dollars ($10,000,000.00), and attorneys' fees.

     6.     Promptly upon filing this Notice of Removal with this Court, Defendants IFNA and Kucher will give written notice to Plaintiff and to the New York County Supreme Court as required by 28 U.S.C. § 1446(d).

     7.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 1332 and 1441 because Plaintiff originally brought this action in a state court lying within the district and division of this Court, complete diversity of citizenship exists between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants have therefore met all requirements for removal to this Court.

     8.     By removing this action, Defendants IFNA and Kucher do not waive any defense or challenge to Plaintiff's Complaint, including challenges to insufficient service of process and lack of personal jurisdiction.

Dated: New York, New York
      June 29, 2005

                                       ENTWISTLE & CAPPUCCI LLP
                                       Attorneys for Defendants Infineon
                                       Technologies North America Corp. and
                                       Michael Kucher

                       By:                    
                                       WILLIAM S. GYVES (WG 2770)

                                       299 Park Avenue, 14th Floor
                                       New York, New York 10171
                                       (212) 894-7200

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------x
PAMELA GEWIRTZ,

                           Plaintiff,

          -against-

INFINEON TECHNOLOGIES NORTH AMERICA
CORPORATION, INFINEON TECHNOLOGIES AG,
and MICHAEL KUCHER,

                        Defendants.
-------------------------------------x
To: The Above Named Defendant(s)

Index No. *10 2900 /05*

Purchase Date: MAR 0 2 2005
Plaintiff designates
New York County as
The Place of Trial

The basis of the
venue is Defendants'
Residence and Place
of Business

Plaintiff resides at:
16 Belmont Court
Freehold, NJ 07728

      **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service
is complete if this summons is not personally delivered to you within
the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: New York, New York
     March 1, 2005

**Defendants' Address:**
Infineon Technologies North America Corp.
915 Broadway
New York, New York

Infineon Technologies Atkiengellschaft (AG)
St.-Martin-Str. 53
Munich, Germany 81514

Mr. Michael Kucher
c/o Infineon Technologies North America Corp.
915 Broadway
New York, New York

THE DWECK LAW FIRM, LLP
Attorneys for Plaintiff

By: _____

    H.P. Sean Dweck
    230 Park Avenue
    New York, New York 10169
    (212) 687-8200

NEW YORK
COUNTY CLERK'S OFFICE

MAR 0 2 2005
NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAMELA GEWIRTZ,

                                    Plaintiff,

       -against-

INFINEON TECHNOLOGIES NORTH AMERICA
CORPORATION, INFINEON TECHNOLOGIES AG,
and MICHAEL KUCHER,

                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To: The Above Named Defendant(s)

Index No. 102900/05
Purchase Date: MAR 0 2 2005
Plaintiff designates
New York County as
The Place of Trial

The basis of the
venue is Defendants'
Residence and Place
of Business

Plaintiff resides at:
16 Belmont Court
Freehold, NJ 07728

    YOU ARE HEREBY SUMMONED, to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service
is complete if this summons is not personally delivered to you within
the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: New York, New York
      March 1, 2005

THE DWECK LAW FIRM, LLP
Attorneys for Plaintiff

By: _____
     H.P. Sean Dweck
     230 Park Avenue
     New York, New York 10169
     (212) 687-8200

**Defendants' Address:**

Infineon Technologies North America Corp.
915 Broadway
New York, New York

Infineon Technologies Atkiengellschaft (AG)
St.-Martin-Str. 53
Munich, Germany 81514

Mr. Michael Kucher
c/o Infineon Technologies North America Corp.
915 Broadway
New York, New York

c/o INFINEON TECHNOLOGIES
3000 CENTER GREEN WAY
CARY, NORTH CAROLINA 27513

NEW YORK
COUNTY CLERK'S OFFICE

MAR 0 2 2005

NOT COMPARED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------x

PAMELA GEWIRTZ,

                 Plaintiff,

       -against-

INFINEON TECHNOLOGIES NORTH AMERICA
CORPORATION, INFINEON TECHNOLOGIES AG,
and MICHAEL KUCHER,

               Defendants.

------------------------------------x

INDEX NO. *102900/05*

Date Index No
Purchased: MAR 0 2 2005

**COMPLAINT**

    Plaintiff, Pamela Gewirtz, by her attorneys, The Dweck
Law Firm, LLP complains of the Defendants and alleges as
follows:

## INTRODUCTION

    1.  By this action, Plaintiff seeks damages for
intentional race and national origin discrimination and
retaliation by Defendants Infineon Technologies North America
Corporation ("Infineon"), Infineon's corporate parent,
Infineon Technologies Atkiengellschaft (AG) ("Infineon AG"),
and Michael Kucher ("Kucher") (collectively "Defendants").
As set forth below, Defendants have systematically
discriminated against Plaintiff because of her race (Asian),
religion (Jewish), and because she is not a German national.
In that regard, Defendants twice attempted to terminate
Plaintiff's employment since 2000, despite the fact that her
work performance and conduct were satisfactory.  Those
attempts were both thwarted by Plaintiff's supervisor, Stanton

excellent, and that he believed the decisions to terminate
Plaintiff were discriminatory. After those efforts were
unsuccessful, and after Plaintiff had made an internal
complaint of discrimination against Kucher, Defendants, in
January, 2004 seized upon an opportunity to terminate
Plaintiff upon the alleged ground that she assisted Mr. Braden
(who was separating from Infineon, but still in its employ) in
removing his personal belongings from his office, which
assistance was claimed by Defendants to be a violation of
Infineon policy. In fact, that reason was a pretext for the
true reason for Plaintiff's termination, that she is Jewish of
Asian descent, not a German national, and had complained of
discrimination.

### THE PLAINTIFF, PAMELA GEWIRTZ

2.   Plaintiff, Pamela Gewirtz (hereinafter "Plaintiff" or
"Pamela" or "Employee") was at all relevant times and is a
resident of the State of New Jersey.

3.   Plaintiff is a Jewish Asian-American female and a
United States Citizen.

### THE DEFENDANTS

4.   Upon information and belief, and at all times
relevant, Defendant Infineon was and still is a foreign
corporation with its principal offices located at 1730 North
First Street, San Jose, California, and also maintains an
office located at 915 Broadway, New York, New York and

-2-

conducts business within the County, City and State of New York.

5. Infineon offers semi-conductor and systems solutions for automotive and industrial sectors for applications in the wired communications market, secure mobile solutions, as well as memory products.

6. Infineon (AG) was at all relevant times and still is a foreign corporation organized and existing under the laws of Germany with principal offices located in Munich, Germany. Infineon (AG) conducts business on a regular, continuous and systematic basis within the county, city and state of New York.

7. Infineon is a fully-owned subsidiary of Infineon AG, and is under the dominion and control of Infineon AG in the management and operation of its business.

8. Upon information and belief, and at all times hereinafter mentioned, Defendant Michael Kucher was and still is a resident of the County, City and State of New York.

9. Upon information and belief, and at all times relevant, Michael Kucher was a German citizen and German national, was employed by Infineon AG in a supervisory position, and maintained supervisory responsibilities over the activities of the Plaintiff.

### FACTUAL BACKGROUND

10. Plaintiff commenced her employment as a Patent Coordinator with Siemens Corporation in November 1999.

-3-

11. In that position, Plaintiff was given ministerial copying and filing responsibilities, despite the fact that she was a college graduate, and had worked for approximately one year as a paralegal at a law firm prior to joining Siemens.

12. Plaintiff reported to Elsa Keller, the Administration Manager of Siemens. From the outset, Ms. Keller indicated her dislike for Plaintiff by: giving her responsibilities which were more menial than those given to Plaintiff's less qualified white, non-Jewish counterparts; limiting those responsibilities to sorting mail, and referring to Plaintiff as the "mail queen"; failing to acknowledge Plaintiff at holidays and on birthdays in the same way as her white, non-Jewish peers; and depriving Plaintiff of training opportunities made available to Plaintiff's white, non-Jewish counterparts; and unfairly criticizing Plaintiff's work performance.

13. Ms. Keller also ignored Plaintiff's statement to her that she was underutilized. In fact, when Plaintiff approached several lawyers about assisting them with more substantive tasks, Ms. Keller admonished Plaintiff, telling her that she had work to do, despite the fact that Plaintiff had already completed her assigned tasks.

14. Ms. Keller treated other non-white subordinates in a shoddy fashion. For example, Maribel Mendez (who is Hispanic), one of Plaintiff's peers, was directed by Ms. Keller to move files to the basement storage area, despite Ms.

Keller's awareness of Ms. Mendez' back problems. Ms. Mendez was also deprived of training and other professional opportunities given to white counterparts.

15. In 2000, Infineon was formed as a spin-off of Siemens Corporation.  Shortly thereafter, in November 2000, Ms. Gewirtz was transferred from Siemens Corporation to Infineon, and became Administrative Manager in Infineon's Corporate Center Intellectual Capital Organization (hereinafter "CPC IC").

16. Plaintiff's job responsibilities in that position included creating systems to monitor the prosecution of Infineon patent applications, and working with outside counsel to process those applications.

17. In that position, Plaintiff reported to Mr. Braden, who was then Infineon's chief intellectual property counsel. Her performance while under Mr. Braden's supervision was excellent.

18. Plaintiff's difficulties with Ms. Keller continued, however, despite the fact that she no longer worked for her. Specifically, Ms. Keller: denied Plaintiff access to a database necessary to monitor the status of patent applications; limited Plaintiff's access to the joint Siemens-Infineon file room; instructed Plaintiff's secretary and Infineon temp employees to ignore Infineon work and to refuse to follow Plaintiff's instructions in favor of Siemens work; directed mail room employees to ignore Plaintiff's request

-5-

that Infineon mail be sent directly to Plaintiff; insisted
that Plaintiff provide her with information concerning
Siemens' matters prior to completing her own work; and blamed
Plaintiff for lost files and abandoned patent applications,
despite the fact that those files were never forwarded to
Plaintiff.

19. In or about 2001, Infineon first attempted to fire
Plaintiff.  Specifically, Plaintiff learned that Ms. Keller
had convinced Martin Bader, Infineon AG's Vice President, that
Plaintiff should be fired, despite the fact that Plaintiff no
longer reported to Ms. Keller.  As discussed above, Ms.
Keller's dislike for Plaintiff was the direct result of her
bias against non-Germans, particularly Asians and Jews.

20. Mr. Braden, believing that Infineon was
discriminating against Plaintiff on the basis of her race and
national origin, vigorously objected to its attempt to fire
her.

21. Subsequent thereto, Infineon embarked upon a series
of unlawful actions against Mr. Braden, in retaliation for Mr.
Braden's objections to Infineon's discriminatory treatment of
Plaintiff.  Those actions culminated in the involuntary
termination of Mr. Braden's employment in January 2004.

22. In or around July 2002, Kucher was placed in a
management position as Director of Intellectual Property. In
that capacity, Kucher was responsible for the oversight of all
of Infineon's CPC IC operations in the United States,

-6-

notwithstanding the fact that Kucher had no managerial or patent law experience and was otherwise not qualified for the position.

23. Also in or around July 2002, as reflected in a memo from Mr. Bader to Kucher, Infineon again attempted to terminate Plaintiff's employment.

24. The hostile, discriminatory, and retaliatory environment created by Defendants continued after Kucher's promotion. For example, in or around July 2002, Defendants effectively demoted Plaintiff from administrative manager to patent administrator, removing in the process Plaintiff's supervisory responsibilities.

25. In September 2002, Defendants further demoted Plaintiff by transferring her case responsibilities to various German patent law firms and to caucasian employees of Infineon and Siemens.

26. Additionally, from the outset of their professional relationship, Kucher was hostile, demeaning and condescending towards Plaintiff. For example, despite the fact that her English is impeccable and her writing skills quite strong, Kucher repeatedly told Plaintiff that the emails she sent to him in connection with her work performance were incomprehensible.

27. Further, when, in response to Kucher's direction that Plaintiff report to him concerning the status of active matters orally, Kucher would treat Plaintiff dismissively,

frequently rushing her through her presentations or not listening. He also screamed at her and verbally berated her.

28. Additionally, after Plaintiff attended a training course at the explicit direction of Kucher, Kucher refused to authorize the reimbursement of Plaintiff's course and travel expenses, accusing her of lying about having attended the course, without any basis for that accusation.

29. As a result, Plaintiff complained to Infineon's Human Resources department about Kucher's discriminatory treatment of her.  To Plaintiff's knowledge, no actions were taken by Infineon to prevent the continuation of Kucher's discriminatory harassment of her, despite the clear Infineon policy which required investigation of all complaints for discrimination and harassment.

30. In fact, following Plaintiff's complaints to Human Resources, Kucher's treatment of her worsened significantly.

31. In or about February 2003, Plaintiff's remaining duties and title were given to Gudrun Voelker, a German national and employee of Infineon Technologies AG.  At the time of that transfer of responsibilities, Ms. Voelker had no training or experience in U.S. patent law.  She subsequently used many of the forms and procedures created by Plaintiff, and often asked Plaintiff questions about matters relating to her job.

32. In early December 2003, Mr. Braden was notified of the termination of his employment, which was to become effective on January 16, 2004.

33. Shortly thereafter, on December 11, 2003, Plaintiff agreed to escort Mr. Braden to his office, so that he could retrieve his personal belongings.  Plaintiff was physically present during the short time Mr. Braden was in his office, and was thus able to ensure that Mr. Braden removed only his personal belongings.

34. Prior to escorting Mr. Braden to his office, no one told Plaintiff that Mr. Braden was not permitted to retrieve his belongings therefrom.  In fact, when they entered the building in which Infineon conducted business, the guard waved Mr. Braden past him, a clear indication that Mr. Braden was welcomed in the building.

35. Notwithstanding the foregoing, Plaintiff was summoned by Kucher into a conference room the following evening, and interrogated about the events of the prior evening.

36. After Plaintiff admitted that she accompanied Mr. Braden to his office, Kuchner told Plaintiff that she was suspended, and Plaintiff was escorted from the building by security guards, even though she was still an Infineon employee.  Thereafter, Plaintiff was told that her employment was terminated.  Although she was not told the reason for her termination, upon information and belief, that purported basis

for her termination was her accompaniment of Mr. Braden to his office on December 11, 2003.

37. To Plaintiff's knowledge, no Infineon policy or procedure prohibits the above-described conduct.  The reason given for the termination of Plaintiff's employment was a pretext - the true reasons for that termination were retaliation and discrimination.

38. The actions and decisions described above were both discriminatory and retaliatory in nature.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>

39. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "38" as if more fully set forth at length herein.

40. Defendants have unlawfully discriminated against Plaintiff because of her race, national origin and religion in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*  As a direct and proximate result of Defendants' unlawful discriminatory practices, Plaintiff has been damaged in an amount to be determined at trial.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>

41. Plaintiff repeats and realleges each and every allegation contained in Paragraph "1" through "40" as if more fully set forth at length herein.

-10-

42. Defendants have unlawfully retaliated against Plaintiff because of her complaints of discrimination and discriminatory harassment, in violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1 *et. seq.*

43. As a direct and proximate result the unlawful retaliation, Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs numbered "1" through "43" inclusive as if more fully set forth herein.

45. Defendant Kucher aided and abetted and/or attempted to aid and abet the practices of unlawful discrimination and retaliation against Plaintiff, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*

46. As a direct and proximate result of the unlawful discriminatory and retaliatory practices of the Defendants Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

47. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "46" as if more fully set forth at length herein.

48. The Defendants, without, legal cause or justification breached its policies as contained within the Handbook of the

-11-

allegation contained in Paragraphs "1" through "46" as if more fully set forth at length herein.

48. The Defendants, without, legal cause or justification breached its policies as contained within the Handbook of the Defendant/Employer which Plaintiff was given, and upon which Plaintiff relied, by, among other things, having failed to abide by the procedure set forth within the handbook of the Defendant/Employer, specifically those relating to non-discrimination, and non-retaliation and enforcement of company policies.

49. As a direct and proximate result of the unlawful practices of the Defendant and the Defendants breach of the aforedescribed policies, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1) An award of economic damages in an amount to be determined at trial;

2) An award of compensatory damages in an amount to be determined at trial;

3) An award of future income to the Plaintiff in an amount to be determined to be representative of all lost future earnings, including other benefits that Plaintiff would have expected to earn or receive during her lifetime, but for the unlawful conduct of

-12-

the Defendants for which Plaintiff/Employee was subjected;

4) An award of damages retroactive to the date of the first act of discrimination against the Plaintiff/Employee during her employment with the Defendants for lost wages and benefits resulting from the unlawful discrimination by the Defendants during Plaintiff's employment and for said employee to otherwise be made whole for all losses suffered as a result of such employment practices;

5) An award of Plaintiff's attorneys fees for the prosecution of this action as well as Plaintiff's costs and disbursements;

6) An award of exemplary damages in the sum of Ten Millions ($10.000,000.00)Dollars.

7) Together with interest on the foregoing amounts according to and as permitted by applicable law and the costs and disbursements of this action.

Respectfully Submitted,
THE DWECK LAW FIRM, LLP
Attorneys for Plaintiff

By: _____

H.P. Sean Dweck
230 Park Avenue, Suite 416
New York, New York 10169
(212) 687-8200

C:\Documents and Settings\Debbie Smith\My Documents\Client Docs\Gewirtz Pamela\Complaint 2-17-05.wpd

-13-